UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| KEITH GARCIA, JR., | Case No. 3:21-cv-00091-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| JOE R. BIDEN, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court for initial review of Petitioner Keith Garcia's *pro se* petition for writ of habeas corpus (ECF No. 1 ("Petition")) under 28 U.S.C. § 2241 pursuant to the rules governing § 2254 cases,[1] as well as consideration of Petitioner's application to proceed *in forma pauperis* ("IFP") (ECF No. 2).

Petitioner filed his petition on the § 2241 form and titled it "Motion for Release." (ECF No. 1.) Petitioner, however, is in custody pursuant to a state court judgment of conviction. Accordingly, the only appropriate statutory section for him to pursue his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). In addition, Petitioner filed his IFP application on an incorrect form. Petitioner's IFP application must be submitted on the form for inmates and include specific financial information and a declaration confirming under penalty of perjury that the financial information is true. *See* 28 U.S.C. § 1915; LSR 1-1 & 1-2.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

| | |
|---|---|
| 1 | *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). |

Here, Petitioner fails to assert a claim that has merit. Petitioner appears to challenge his conviction on the basis that the "state was never annexed into the Union … because President Lincoln suspended Congress because of the civil war." (ECF No. 1 at 2.) A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's claim is frivolous on its face. Accordingly, the Court denies the Petition and dismisses this action without prejudice.

It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is denied.

It is further ordered that Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is denied.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED THIS 23rd Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE